# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Bernal Candela,<br>　　　　Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>　　　　Respondents. | No. CV-26-00059-PHX-DJH (DMF)<br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.) It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when U.S. Immigration Customs Enforcement ("ICE") apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. A district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), §

---

[1] Petitioner also filed an Ex Parte Motion for Temporary Restraining Order (Doc. 2). Because the Court is requiring Respondents to show cause why the Petition should not be granted, the Motion for injunctive relief will be denied as unnecessary.

1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *9. On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

It appears Petitioner is entitled to relief in the form of a bond hearing. Respondents are ordered to show cause why the Petition should not be granted based on *Bautista*.

**IT IS ORDERED**:

1. Counsel for Petitioner must immediately serve the Petition upon Respondents.
2. If not already issued, the Clerk's Office must issue any properly completed summonses.
3. The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.
4. Respondents must show cause no later than **January 12, 2026,** why the Petition should not be granted based on *Bautista*.
5. Petitioner may file a reply no later than **January 13, 2026**.

. . . .

. . . .

. . . .

. . . .

. . . .

6. Petitioner's Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **denied**.

Dated this 7th day of January, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge